Mr. Chief Justice TANEY
 

 delivered the opinion of the Court.
 

 The first of these cases arises upon a libel filed in the Superior Court for the District of East Florida, against certain goods which were brought into the port of St. Augustine, in the schooner Hope W. Gaudy, and there seized by the collector as forfeited, for an alleged violation of the revenue laws. The appellants appeared as claimants; and at the trial in the Superior Court, the libel was dismissed, and the decree of dismissal afterwards affirmed in the Court of Appeals for the Territory of Florida. From this last-mentioned decree the United States appealed to this court.
 

 The Hope W. Gaudy was regularly licensed to carry on the coasting trade ; and the goods in question were part of a cargo shipped at New York for the port of St. Augustine. The master of the schooner, previous to his sailing from New York, delivered a manifest of his cargo to the collector, in which the goods seized were included, with the proper affidavit annexed; and the collector indorsed upon it the certificate and permit to proceed on the voyage, as required by the act of February 18, 1793. This manifest, so certified and indorsed, was in due time after the arrival of the vessel delivered to the collector of St. Augustine.
 

 There is no imputation of bad faith in this transaction, upon the master or owners, or any of the parties concerned. But the forfeiture was supposed to have been incurred by a breach of the provisions of the 16th and 17tb sections of the act of Congress above mentioned. Part of the cargo consisted of foreign merchandise. And it was insisted, on the part of the United States, that this portion of it was not marked and described in the manifest, in the manner required by the 16th section, and was on that account liable to seizure and forfeiture at the port of destination.
 

 We do not think it material to inquire whether the manifest did or did not describe with legal precision the foreign merchandise which the master had taken on board when he sailed from New York. For if the manifest be liable to that objection, the 16th section, which prescribes the manner in which foreign merchandise shall be specified in the manifest, punishes the omission by a small pecuniary penalty on the master : but does not forfeit the goods.
 

 Neither does the clause of forfeiture in the 17th section apply to imperfections of that description. The manifest, which
 
 *9
 
 the master is required by this section to deliver at the port of destination, is the one certified by the collector at the port of shipment, and this he did deliver. And the law forfeits the foreign merchandise, or distilled spirits, found on board or landed from the vessel, in those cases only in which it is not included in the manifest certified as. aforesaid. This is evidently the meaning of the law. But the record in this case shows that the goods seized were included in the manifest; and whether they were there described with legal precision or not is immaterial to this inquiry. For a defect in that respect, where there is no fraud, does not subject the goods to forfeiture, either at the port of shipment or the port of delivery. Indeed, it can hardly be supposed that an offence, which in the 16th section is punished by a small pecuniary penalty on the master, was intended in the succeeding section of the same law to be visited on the owner, and subject him to the aggravated punishment of the.forfeiture of his goods ; and the more especially as the defect, if any, was the fault of the public officer, who was apprised by the oath of the master to the manifest that foreign merchandise was on board, and whose duty it was, when thus informed, to see that it was designated and described as the law requires before he granted the certificate and permit to proceed on the voyage.
 

 The decree of the Court of Appeals for the Territory of Florida must therefore be affirmed.
 

 The other case between the same parties, now before us, is similar in all respects to the one in which I have just stated the opinion of the Court. But the record shows that the value of the goods in controversy in this case is only seventy dollars.
 

 The act of May 31, 1844, which gives appellate jurisdiction to this court in revenue cases, without regard to the sum in dispute, gives it only where the judgment is rendered in a Circuit Court of the United States. Consequently, it does not apply to a judgment rendered in the Court of Appeals for the Territory of Florida. The right to appeal from that court is regulated by the act of May 26, 1824. And that act limits the appellate power of this court to cases in which the amount in controversy exceeds one thousand dollars.
 

 This case must therefore be dismissed for want of jurisdiction.’
 

 Orders.
 

 The United States
 
 v.
 
 Carr -and Peck, Claimants of Sixteen Boxes of Havana Sugar, &c.
 

 This cause came on to be heard on the transcript of the rec
 
 *10
 
 ord from the Court of Appeals for the Territory of Florida, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged, and decreed by this court, that the decree of the said Court of Appeals in this cause be, and the same is hereby, affirmed.
 

 The United States
 
 v.
 
 Carr and Peck, Claimants of Ten Boxes, &c., of Raisins.
 

 This cause came on to be heard on the transcript of the record from the Court of Appeals for the Territory of Florida, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged, and decreed by this court, that this cause be, and the same is hereby, dismissed for the want of jurisdiction.