LESSEE OF ISAAC ATKINSON, PLAINTIFF IN ERROR, *v.* JOHN CUMMINS.

The rule of evidence, as stated by Tindal, Chief Justice, in the case of Miller *v.* Travers (8 Bingh. 244), sanctioned by this court, viz.: — "In all cases where a difficulty arises in applying the words of a will or deed to the subject-matter of the devise or grant, the difficulty or ambiguity which is introduced by the admission of extrinsic evidence may be rebutted or removed by the production of further evidence upon the same subject calculated to explain what was the estate or subject-matter really intended to be granted or devised."

Therefore, where the sheriff sold a tract of land under a *fieri facias*, and made a deed of it to the purchaser, and it appeared afterwards that the debtor had two tracts near to, but separated from each other, and the sheriff's deed described one tract accurately except that it called to bound upon two parcels of land which were actually contiguous to the other tract, and the purchaser took possession of that to which the description was mainly applicable, and retained possession for nearly twenty years, parol evidence was admissible to show that the levy and sale applied to one tract only, and not both.

THIS case came up, by writ of error, from the Circuit Court of the United States for the Western District of Pennsylvania.

It was an action of ejectment brought in the Circuit Court by Isaac Atkinson, a citizen of Ohio, to recover a tract of land in Derry township, Westmoreland County and State of Pennsylvania.

The whole case was stated in the bill of exceptions, which it is only necessary to recite.

### *Copy of Bill of Exceptions.*

"In the Circuit Court of the United States, Western District of Pennsylvania.

"RICHARD SMITH, Lessee of ISAAC ATKINSON, a Citizen of the State of Ohio, *v.* WILLIAM STILES, with Notice to JOHN CUMMINS, a Citizen of the State of Pennsylvania.

"November Term, A. D. 1846.— Action of Ejectment.

"Be it remembered, that at the November term, A. D. 1846, of the said court, before the Honorable R. C. Grier, an associate justice of the Supreme Court of the United States, and the

Honorable Thomas Irwin, judge of the said District Court, judges holding said court, at Pittsburg, in said district, the parties in this cause were at issue upon a plea of not guilty in manner and form as the said plaintiff hath thereof in his declaration complained, by said John Cummins, who had entered into and filed in said cause the common consent rule, confessing lease, entry, and ouster, &c., as appears of record in the same ; and therefore a jury was called, and regularly and legally impanelled and sworn to try said issue ; and on the trial thereof, the plaintiff, to prove the same on his part, gave in evidence the record of a judgment in the Court of Common Pleas of Westmoreland County, Commonwealth of Pennsylvania, in favor of Thomas Pumroy, for the use of John Sloan, junior, against George Pumroy, on the 5th day of September, 1820, for the sum of four hundred dollars debt and costs; also a writ of *fieri facias*, issued on said judgment from said court, dated December 2d, 1820, directed to the sheriff of said Westmoreland County, a levy by John Klingensmith, sheriff of said county, of said writ, on all the right, title, and claim of George Pumroy, of, in, and to a certain tract of land, situate in Derry township, adjoining land of James Henry, Nathaniel Doty, William Reed, William Bell, Robert Thompson, James Wilson, and others, containing 400 acres, more or less, about sixty acres cleared, thirty acres of which is in meadow, having thereon erected a grist-mill, shingle-roofed log dwelling-house, shingle-roofed log barn, with an apple-orchard thereon growing ; and also of such further proceedings in the premises as showed a legal and valid sale by said sheriff of the premises so levied upon, as aforesaid, on the 18th of February, A. D. 1822, to one John Rhey, for the sum of fourteen hundred and one dollars ; also a deed from said sheriff to said Rhey, for said premises so levied upon and sold as aforesaid, duly acknowledged in said court on the 9th day of April, 1822 ; and also evidence that, at the time of said levy and sale, said George Pumroy was the owner of said premises described in the plaintiff's declaration, and sought to be recorded in this action ; also a conveyance in fee of said premises by said John Rhey, on the 16th of June, A. D. 1841, to said Isaac Atkinson. And the plaintiff, on said trial, for the purpose of exhibiting and defining what he claimed as embraced in said levy, sale, and conveyance to said Atkinson, as aforesaid, gave in evidence the plot or draft marked on the outside 'A, November 18th, 1846,' hereto attached, and herewith incorporated as a part of this bill, and claimed before said court and jury that said levy, sale, and conveyance to said Rhey embraced and contained the said land represented in said

plot or draft by the black lines, embracing 326½ acres, and also 158½ acres, and gave evidence that William Bell and William Reed, two of the persons named as adjoiners of the said 158½ acres, as indicated on said plot or draft, are not adjoiners of any part of the 326½ acres. The defendant, on the contrary thereof, insisted and claimed that said levy and sale did not embrace or contain any part of the land described in the plaintiff's declaration (which is the same marked 158½ acres on the plot), but, on the other hand, was limited and confined to that marked on the said plot 326½ acres, &c.; and thereupon, after giving evidence to show that the improvements on the said last-mentioned tract of 326½ acres, &c., corresponded with the description in the levy, that the tract in dispute contained upwards of one hundred acres of cleared land, with an apple-orchard, a shingle-roofed log-dwelling-house and barn and stable thereon erected, and that the said two tracts were entirely distinct, separate, and disconnected from each other, in order further to prove that said levy and sale did not embrace or contain any part of the land described in plaintiff's declaration, but, on the other hand, was limited and confined to that marked on the plot 326½ acres, called John Klingensmith, Esq., late sheriff of Westmoreland County, by whom the levy and sale in the case were made, and proposed to prove by him as follows : — That he went to the land of George Pumroy, in 1821, to make the said levy ; that the said George Pumroy furnished him with the adjoiners of both tracts ; that, upon inquiring of said Pumroy whether the description furnished embraced more than one tract, and learning from him that it covered both, he objected to making the levy in that way ; that the said Pumroy acquiescing in his decision, he then struck off, as well as he could, the names given to him as adjoiners exclusively of the tract in dispute in this action, and supposed that he had stricken them all off ; that on the inquisition held upon the levy, indorsed on the *fi. fa.*, the land in dispute was not submitted to the jury, or acted upon by them, but only what was called the mill tract, or, in other words, that upon which the purchaser entered after the sale ; that at the sale, upon a representation made to him by some of the bystanders that there was an ambiguity in the description of the land which rendered it uncertain whether one or both tracts were included within it, he stated, in the presence and hearing of John Rhey, that he was selling only the mill tract, and that bidders must govern themselves accordingly ; that he made the same representation to Paul Morrow, by whom the property was purchased, as the agent and for the use of said Rhey ; that, after the said sale, he was directed to ex-

ecute the deed to said Rhey, which was accordingly done; that, at the time of the execution thereof, it was again represented, and perfectly understood by both parties, that the property conveyed in said deed embraced only the mill tract, and not the land in dispute; and that at a subsequent period, not very remote from the time of the said sale, upon a representation to him by some of the neighbours that the said Rhey was asserting his claim to the property in dispute under said sale, he took occasion to inquire of him whether the fact was as represented, to which the said Rhey replied that he might have said so in a jocular manner, but that he never intended to claim both tracts, for that he knew that he never bought both tracts, and that he never paid for both tracts, and to claim them now (then) would be too much like putting his hand into another man's pocket and robbing him.

" To the admission of which testimony of said Klingensmith, proposed to be given by the defendant as aforesaid, the plaintiff objected, and insisted that the same could not be legally admitted for the purpose aforesaid.

" Whereupon said court did overrule said objection, and admitted said testimony of said Klingensmith so proposed to be given as aforesaid, and the said plaintiff here in court, and during the trial of said cause, excepts to the judgment, opinion, and determination of said court in admitting said testimony; and as the facts aforesaid do not appear of record, the said plaintiff prays that this bill of exceptions may be certified, signed, and sealed by the judges of said court, that the same may become part and parcel of the record in said case.  By the court allowed and ordered to be lodged on file.

"   R. C. GRIER,   [L. S.]
      THOMAS IRWIN. [L. S.]"

The jury found a verdict for the defendant.

Upon a writ of error sued out by the plaintiff, the case was brought up to this court.

It was argued by *Mr. Cooper*, for the plaintiff in error, and *Mr. Wylie*, for the defendant in error.

*Mr. Cooper* made the following points.

The court erred in admitting the testimony of John Klingensmith to contradict, vary, and limit the description of the bond as recited in the levy, *fieri facias, venditioni exponas*, and deed of the sheriff to the purchaser.

I. The levy, *fieri facias, venditioni exponas*, sheriff's deed,

and acknowledgment thereof, are records, and parol evidence is not admissible to contradict, vary, or limit the description of the premises contained in them.   The extent of the grant is only to be ascertained by levy, *fieri facias, venditioni exponas*, and deed.   Sergeant v. Ford, 2 Watts & Serg. 126 ; Woodward v. Harbin, 1 Alabama, 104 ; Hobson v. Doe, 4 Blackf. 487 ; Hellman v. Hellman, 4 Rawle, 448, 449 ; Patterson v. Forry, 2 Barr, (Pa.) 456 ; McClelland v. Slingluff, 7 Watts & Serg. 134 ; Aulenbaugh v. Umbehauer, 8 Watts, 50 ; Beeson v. Hutchison, 4 Watts, 442 – 444 ; Streaper v. Fisher, 1 Rawle, 155 ; Grubb v. Guilford, 4 Watts, 223 ; Haynes v. Small, 9 Shepley, (Me.) 14 ; Lawson v. Main, 4 Pike, (Ark.) 184.

II. Natural monuments, clearly visible, such as a road, a stream, adjoining farms or lands, prevail over other marks, such as quantity, improvements, &c., and even over courses and distances.   Cox v. Couch, 8 Barr, (Pa.) 147 ; Howe v. Bass, 2 Mass. 380 – 384 ; Pernam v. Wead, 6 Mass. 131 – 133 ; Wendell v. Jackson, 8 Wendell, 185 – 190 ; Jackson v. Moore, 6 Cowen, 706 ; Newton v. Pigon's Lessee, 7 Wharton, 7, 11 ; Cronister v. Cronister, 1 Watts & Serg. 442 ; Hare v. Harris, 14 Ohio, 529.

III. George Pumroy, and Cummins, the defendant, who claims under him, being privy in estate, were in default in permitting the sheriff's deed to be acknowledged.   Having stood by in silence when they should have spoken out, they are estopped from alleging that all that was levied upon and conveyed to the plaintiff by deed was not sold.   This is also so in relation to the sheriff.   Zeigler v. Houtz, 1 Watts & Serg. 540 ; Sergeant v. Ford, 2 ib. 127 ; Streaper v. Fisher, 1 Rawle, 161 ; Thompson v. Phillips, 1 Baldwin, 271.

IV. In cases of ambiguous or doubtful description, the court adopts the construction most liberal to the purchaser.   This is true of purchasers at judicial as well as other sales.   1 Sheppard's Touchstone, 82, 83 ; Jackson v. Blodget, 16 Johns. 178, 179 ; Jackson v. Gardner, 8 ib. 394 – 406 ; Doe v. Dixon, 9 East, 15, 16 ; Palmer's Case, 2 Coke, 74 ; Inman v. Kutz, 10 Watts, 90 – 100 ; Strein v. Zeigler, 1 Watts & Serg. 259, 260.

*Mr. Wylie*, for the defendant in error, made the following points.

1. In Pennsylvania there is no court of equity, but equitable principles are applied, under the direction of the courts of law, in the same manner as legal principles.   Kuhn v. Nixon, 15 Serg. & Rawle, 118 ; Hawthorn v. Bronson, 16 ib. 278 ; Torr's

Estate, 2 Rawle, 252. Ejectment is a substitute for a bill in equity, and may be defeated by the same considerations which would defeat a bill for a specific performance in a court of equity. Pennock *v.* Freeman, 1 Watts, 408.

2. Equity will not permit a party to enforce compliance with a deed or contract, when such compliance would work a fraud on the other party. Woollam *v.* Hearn, 7 Ves. 211; 2 Atk. 98; Story's Eq., § 769. And parol evidence is admissible to show the fraudulent purpose. Bowman *v.* Bittenbender, 4 Watts, 290; Oliver *v.* Oliver, 4 Rawle, 141; Hultz *v.* Wright, 16 Serg. & Rawle, 345; Mitchell *v.* Kintzer, 5 Barr, 216; Greenl. on Ev., § 248. And it is an admitted principle, that courts of law have concurrent jurisdiction with courts of chancery, in cases of fraud. Gregg *v.* Lessee of Sayre, 8 Peters, 244.

3. The evidence was for the purpose of applying the deed to its proper subject, and therefore competent. 1 Greenl. on Ev., § 301.

Mr. Justice GRIER delivered the opinion of the court.

The single question in this case arises on a bill of exceptions to the admission of certain testimony. In order to judge of its correctness, we must ascertain what was the matter in dispute before the jury at the time the testimony was offered and received.

The action was ejectment for a tract of land containing 158½ acres. In 1822, George Pumroy was owner of this tract, and also of another of 326½ acres, lying near to it, but not adjoining. A judgment had been obtained against Pumroy for the sum of $400, and an execution issued, on which the sheriff returned that he had levied on "a certain tract of land, situate in Derry township, adjoining lands of James Henry" (and a number of others), "containing 400 acres, more or less, of which 60 acres were cleared land, and 30 acres of meadow, and on which were erected a grist-mill, dwelling-house," &c., &c. A sale was made by the sheriff under a writ of *venditioni exponas*, and a deed delivered by him to John Rhey, legally conveying to him the tract of land as described in the levy. Under this deed, Rhey took possession of the tract of 326½ acres, on which the grist-mill was erected, and has held it from the year 1822 till the present time. In 1841, he made a conveyance to Isaac Atkinson, the plaintiff's lessor, a citizen of Ohio, in whose name the present ejectment was instituted for the other tract, owned by Pumroy, of 158½ acres, and now in the possession of the defendant, Cummins.

The only evidence offered in support of the plaintiff's claim

was, that two of the adjoining tracts, called for as boundaries in his deed, did not adjoin the mill tract of 326½ acres, but were contiguous to, and adjoined the tract of 158½ acres. It was admitted, that all the other parts of the description correctly applied to the larger tract, but it was contended that, if this portion of the description applied only to the other, the levy and deed for this reason included both.

The defendant, on the contrary, insisted that the levy and sale did not embrace any part of the land in dispute, and gave evidence to prove that it was a distinct and separate tract of land, having 'a house, barn, orchard, and 100 acres of cleared land, not occupied or used in connection with the larger or mill tract. They contended, also, that the deed called for but one tract of land, which was well described, except in this one particular, which was evidently an ambiguity, caused by a mistake of the sheriff in making his levy.

The defendant might, perhaps, have safely rested his case on the evidence as it now stood, but, in order to remove all possible doubt, he offered to prove by the sheriff "how the mistake in the description occurred; and that the purchaser and other bidders at the sale had remarked this ambiguity in the description, and were informed how it happened, and were perfectly aware that but one tract was levied on and offered for sale, called the mill tract. That Rhey, the purchaser, was fully aware of it, and accordingly claimed and took possession of the mill tract only; that the sheriff, having afterwards heard a report that Rhey was asserting a claim to the property in dispute, took occasion to inquire of him if it was true; and that Rhey replied, 'that if he had said so it was only in jest; that he had bought and paid for one tract only, and to claim them both would be too much like putting his hand in his neighbour's pocket and robbing him.'"

To the reception of this testimony the plaintiff's counsel objected, and the admission of it by the court forms the subject of the bill of exceptions now under consideration.

It is contended that this testimony ought not to have been received, because "the levy, *fieri facias, venditioni exponas,* sheriff's deed, &c., are records, and parol evidence is not admissible to contradict, vary, or limit the description of the premises contained in them."

This proposition is undoubtedly true. But it assumes the very fact in dispute, and on which the jury were about to pass, on parol proof given by both parties. It is true that, if a sheriff levies on a whole tract of land, and describes it accurately in his levy and deed, parol testimony cannot be received to show

41 *

that he intended to sell less than his deed describes, or that he excepted a part of the premises at the time of the sale.

But that is not the case before us. The testimony offered is not to contradict the levy and deed, but to explain and confirm them. The plaintiff's testimony had shown that there was a latent ambiguity on the face of his deed. It purported to convey a single tract of land; it described one tract completely, with a single exception which applied to another. It might be void for uncertainty, if its description equally applied to two tracts, while it clearly purported to convey but one. It might convey one, and the part of the description which did not apply to that would be rejected as *falsa demonstratio,* or misdescription. Or it might possibly be intended to convey both; but in the present case the latter supposition had hardly a shade of probability to support it.

It would be of little profit to notice the infinite variety of cases on this subject, or to seek for one precisely in point with the present. The general rule is well stated by Tindal, Chief Justice, in the case o' Miller *v.* Travers (8 Bingh. 244), that " in all cases where a difficulty arises in applying the words of a will or deed to the subject-matter of the devise or grant, the difficulty or ambiguity which is introduced by the admission of extrinsic evidence may be rebutted or removed by the production of further evidence upon the same subject calculated to explain what was the estate or subject-matter really intended to be granted or devised."

The deed in this case called for but a single tract of land, the purchaser had himself taken possession and held up to certain boundaries for near twenty years, and had thus by his acts given his own construction of an ambiguity in his deed which he now showed by extrinsic evidence to exist. The evidence offered tended to confirm what appeared on the face of the deed; that but one tract was sold; that the practical location of his grant made by the purchaser was correct; that he had not acted under a mistake of his just rights, but had a due appreciation of the merits of the claim now set up to the land in question. This testimony may have been superfluous and unnecessary, but was not irrelevant or illegal. It did not contradict the record or deed under which the plaintiff claimed, but showed the gross injustice of the claim now attempted to be established under cover of an ambiguity in their terms.

The judgment of the Circuit Court is therefore affirmed.

### *Order.*

This cause came on to be heard on the transcript of the rec-

ord from the Circuit Court of the United States for the Western District of Pennsylvania, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, affirmed, with costs.