## SUPREME COURT.

THE POTSDAM AND WATERTOWN RAILROAD COMPANY agt. HIRAM JACOBS.

A *trial fee* ($12) held not taxable on a *motion for a new trial* made at general term on exceptions before judgment, under § 265 of the Code. (*This is adverse to Ellsworth* agt. *Gooding*, 8 *How. Pr. R.* 1.)

*It seems* that ordinary motion costs only are allowable in such cases.

*Jefferson Special Term, February*, 1855.—MOTION for re-adjustment of costs.

The cause was tried at the Jefferson April circuit, 1854. The plaintiffs were non-suited; exceptions were taken, and the judge directed an order to be entered suspending judgment, and allowing a motion for a new trial upon the exceptions, under § 265 of the Code, to be heard in the first instance at a general term. A motion was accordingly made at a general term, and a new trial denied. No mention of costs was made in the rule denying the motion.

In adjusting the costs, the clerk taxed an item of $12 for trial fee on the motion. This motion is for a retaxation, and disallowance of that item.

J. MULLIN, *for motion.*
D. J. WAGAR, *opposed.*

HUBBARD, Justice. In opposition to this motion, the defendant's counsel cites *Ellsworth* agt. *Gooding*, (8 *How.* 1.)

That case is certainly in point, and, if good law, this motion must be denied. But, with deference, I feel compelled to dissent from that decision. It seems to me, that the motion for a new trial, at the general term, before judgment, on exceptions, cannot be regarded a *trial* in any proper sense. It is denominated a motion by § 265, which authorizes the proceeding; and it is brought to *argument* as a motion—it is an application for a new trial, not a trial itself.

A trial is defined to be the judicial examination of the issues between the parties, whether of law or fact. (§ 252.) On such a motion, the *exceptions* taken at the trial, at circuit, are alone to be examined and decided. The issues presented by the pleadings, and the evidence given on the trial, are only referred to, or examined, so far as is necessary to determine the questions arising on the exceptions. The motion has, therefore, none of the characteristics of a trial, in the ordinary signification of that term. It seems to me that, before judgment, there can properly be but *one trial*, except a new trial is granted on motion or otherwise.

In the case of *Ellsworth* agt. *Gooding*, it was held that, for the purpose of costs, the motion might be regarded as a trial of an *issue of law*, and a trial fee taxable under *sub. 3 of § 307 of the Code*. The issue of law there contemplated, it appears to me, clearly, is the issue arising upon *demurrer*, as defined by § 249. It is an issue arising upon the pleadings, irrespective of the evidence upon the trial of the issues of fact. On the motion for a new trial, however, no issue upon the pleadings is presented or determined, but merely the validity of the exceptions taken on the trial of the issues of fact. My conclusion, therefore, is, that a *trial fee* is not taxable on a motion for a new trial made at general term, on exceptions before judgment, under § 265.

I think it better to defer to the legislature to provide a compensation for that service, than to attempt to construe § 307 of the Code in such liberal manner, as, in effect, to make a judicial enactment.

It seems to me, that it would not be inadmissible to regard

a motion for a new trial, made at general term, as an ordinary motion in a cause, and allow motion costs. It is, to be sure, in the nature of an appeal, and under the former practice, perhaps, would have been classed with motions made in the usual progress of a cause, such as motion to change venue, for a commission, &c., the costs of which are not inserted in the rule, but taxable in the general fee bill. But the Code has expressly defined this application for a new trial—*a motion*, (§ 265)—it is made and heard as a motion; and I can see no good reason why the court has not the power to award motion costs in the rule. It certainly, in my judgment, would partake less of the character of judicial legislation to allow compensation in this mode, than to tax a trial fee, under § 307 of the Code. But this question does not properly arise on this motion, and I shall not pursue it further.

Motion granted.