## SUPERIOR COURT.

JAMES MOORE agt. JOHN J. V. WESTERVELT, late sheriff, &c.

The court have not the power to order judgment *nunc pro tunc*, as of a date prior to the *actual judgment*, to enable a party to affect the amount of his costs.

A party is entitled to have his costs adjusted, according to the Code, as it existed at the time of the *verdict*, as it respects all items *prior* to that date. The " recovery," which gives the right to such costs, means the verdict.

*General Term, July*, 1857.

*Present*, DUER, *Ch. J.*, HOFFMAN, WOODRUFF *and* SLOSSON, *Justices.*

This action was commenced several years ago, and has been several times in the court of appeals, and finally resulted in a verdict for the plaintiff on the 14th of March, 1856, for $540, subject to the opinion of the court at general term, and judgment

Moore agt. Westervelt, sheriff, &c.

in the meantime suspended. The cause was argued at general term, April 13, 1857, (being twenty-four days before the new fee-bill took effect,) but was not decided until June 20, 1857, when judgment was ordered for plaintiff on the verdict.

The amendments to the Code respecting costs (if applicable to this case) would reduce the costs, prior to the verdict, several hundred dollars. The plaintiff thereupon applied to the court for an order, that judgment be entered *nunc pro tunc*, as of the 13th day of April, 1857, and that the plaintiff's costs be adjusted as of that time.

Upon the argument, it was suggested that, whatever might be the decision of the court, the clerk should be instructed in what manner to adjust the costs.

HORTON H. BURLOCK, *for plaintiff*.

*First.* The court will not suffer a suitor to be prejudiced by their own delay in rendering judgment upon a verdict. The case of death of a party is a familiar example.

*Second.* The costs were dependent upon the "recovery" of the verdict, and the right to costs attached at that time, and their amount must be regulated by the law then in force. The verdict was the "recovery" meant by the statute. (*Code*, 304, *sub.* 4; *Van Horne* agt. *Petrie*, 2 *Caines' R.* 213; *Seaman* agt. *Baily, id.* 214; *M'Masters* agt. *Vernon*, 4 *Duer*, 625.)

ALBERT MATHEWS, *for defendant*.

*First.* The court have no right to order judgment as of a different date from the fact, and thus falsify their own record, except in the single case of *death*, to prevent a failure of justice.

In this case, the delay from time of verdict was the ordinary delay in completing the trial, which was unfinished before the jury, and the power to order judgment was suspended until the hearing at the general term, by an act of *discretion*, and the statute directs that the judgment be entered at general term. (*Code*, 265.)

*Second.* The right to costs is not determined until judgment is ordered. The rate of costs is determined by the statute in force, when the costs can be adjusted. (*Briggs* agt. *Supervisors of Onondaga County,* 3 *Denio,* 173 ; 4 *Wend.* 210 ; *Brooklyn Bank* agt. *Willoughby,* 1 *Sand.* 669 ; *Larmon* agt. *Aiken,* 4 *Hill,* 591 ; 1 *How. Sp. T. R.* 86 ; 12 *John.* 315 ; 8 *Cow.* 253–259 ; *Rich* agt. *Husson,* 1 *Duer,* 618 ; *M'Masters* agt. *Vernon,* 1 *Abbott,* 179 ; *Fitch* agt. *Livingston,* 4 *Sand.* 712–714 ; 4 *Pr. R.* 196 ; *Whalen* agt. *Westgate, id.* 269.)

1. The right to costs, under the Revised Statutes, depended upon them : but now it depends solely on the Code. Costs are allowed *" upon a recovery,"* &c. This does not mean *upon the verdict being rendered;* nor *at the time of* verdict rendered : but to the party who shall finally recover judgment. A *verdict* is not a *" recovery "*—a judgment is a *" recovery."* A verdict is said to be *" rendered,"* and a judgment *" recovered."* (*Code,* §§ 304–307.)

By the court—DUER, Ch. Justice. The court are not satisfied they have power to order judgment *nunc pro tunc,* as of a date prior to the actual judgment, to enable a party to affect the amount of his costs. The motion is, therefore, denied, without costs. The court, however, are clearly of opinion that the plaintiff is entitled to have his costs adjusted according to the Code as it existed at the time of the verdict, as respects all items prior to that date. The " recovery," which gives the right to costs, mentioned in the statute, means the " verdict," and not the judgment. An order may be entered directing the clerk accordingly—" That the said clerk adjust the plaintiff's costs herein, up to and including the verdict rendered herein, on the 14th of March, 1856, under the Code of 1852, and the subsequent costs of the said plaintiff under the present Code."

Such an order was entered, and the costs adjusted by the clerk in conformity therewith.