# SUPREME COURT.

## HIRAM JACKETT agt. HARRISON JUDD.

It is well settled that the party entitled to *costs*, is to have them under and by virtue of the statute in force at the time the verdict is rendered; which means at the time the *final verdict* in the cause is rendered.

The item of $10, "for all subsequent proceedings before trial," as appears by the weight of authority, can only be *once* allowed, when the issue has not been changed, although new trials may have been had.

No more than $10 costs can be allowed upon a motion for a *new trial, upon a case* or *exceptions* at the *special term*. Such a proceeding is, in no sense *a trial*, as defined by the Code. (*All the reported cases entertaining different views on this question examined.*)

The prevailing party on *appeal* to the *general term*, from an order of the special term, granting or refusing a new trial, is entitled to $15, before argument, and for argument $30. (*In arriving at this conclusion, it seems that the clear, concise and comprehensive language which generally pervades and adorns the terse style of the Code, has been concentrated with such power and brilliancy into the 5th subdivision of § 307, that the judges have become bewildered in the construction of that sentence, and but for their oath of office, which requires them to decide upon questions judicially brought before them, would have been quite contented to, say they were entirely unable to give to the latter part of that subdivision ANY construction whatever.*)

*Cattaraugus Special Term, October,* 1859.

MOTION that clerk re-adjust costs.

The action was tried at the August circuit, 1856; at the April circuit, 1857, and at the August circuit, 1857, when the plaintiff had a verdict. The defendant, upon exceptions, obtained at special term, an order granting a new trial, costs to abide event. Upon appeal to the general term, the order was affirmed with costs to abide the event. The action was again tried at the June circuit, 1859, and the defendant had a verdict. The items of costs, objected to by the plaintiff and allowed by the clerk, are specified in the opinion.

C. C. TORRANCE, *for plaintiff.*
A. G. RICE, *for defendant.*
VOL. XVIII.            25

MARVIN, Justice.   The bill contains for the August circuit, 1856, the items, before notice of trial $10, for all subsequent proceedings before trial $10, for trial of issue of fact $20.   The items are the same for all the subsequent circuits, except the item before notice of trial $10.   This is omitted.   The plaintiff objected that the items of costs at the August circuit in 1856, could only be allowed at the rate then existing; also, that the item for all subsequent proceedings before trial, could only be once allowed   The clerk overruled these objections. These items are according to the law as it existed at the time the action was last tried and the defendant had a verdict.   It is settled that the party entitled to costs, is to have them under and by virtue of the statute in force at the time the verdict is rendered.   (3 *Den.* 173 ; 4 *W.* 210 ; 14 *How.* 357, 279 ; 15 *id.* 121, 156 ; 5 *Abb.* 219.)

In this case, as there was a verdict at the August circuit, 1856, it is argued that all costs previous to that time, should be according to the specifications of the statute then existing. That verdict was set aside.   We must be governed by the law existing at the time the final verdict is rendered.   (*See opinion of* JEWETT, *J., in* 3 *Denio,* 174.)   In that case, the cause had been several times tried, and one judgment of the supreme court had been reversed by the court for the correction of errors.

The objection to the repetition of the item for all subsequent proceedings before trial, was well taken.   The weight of authority is, that this item can be allowed but once, when the issue has not been changed.   (*Perry* agt. *Livingston,* 6 *How.* 404, *also,* 408.)   The cases 5 *How:* 336; 6 *How.* 413 ; 8 *How.* 271; 15 *How.* 121; 2 *Abb.* 360, were upon the trial of issues of law, and when the defeated party was allowed to amend on the payment of costs.

The bill contains the items for the special term, before notice of argument $15, on argument of exceptions $30.   For the general term, the items as corrected by the defendant's attorney, at the time of adjustment, are, before argument $10, argument $15, clerk's trial fee $1,00, printing points $2.50.

The plaintiff objected that none of these items could be

Jackett agt. Judd.

allowed, or any costs, as the orders of the special and general terms, did not specify the amount to be paid. He also claimed that if any costs were allowable, they could not exceed $10 at the special, and $10 at the general term.

The questions thus raised have long been embarrassing, and still are, unless as to the costs upon appeal to the general term, the amendment of 1858, to subdivision 5 of section 307 of the Code, has removed the difficulty.

Let us first inquire to what costs the prevailing party is entitled for the proceedings in the special term. The Code, as revised in 1849, specified the costs to be allowed in an action, when the defendant failed to answer, and judgment was had, and then at once proceeded to specify the allowances to be made when issue had been joined and a trial had been had. The allowances on appeal, except to the court of appeals, are then specified, and the cases mentioned in section 349 are excluded or designed to be, as all agree. (*Code*, § 307.) A circuit or term fee of $10 is given, and a like sum to the adverse party, on postponing a trial. By section 315, it was provided that costs may be allowed on a motion, in the discretion of the court, not exceeding ten dollars. It was declared that "an application for an order is a motion," and that "every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order." (*Sections* 400, 401.)

Nothing was said in the Code, of costs upon a motion for a new trial upon a case, or upon exceptions. Issues were carefully defined. They " arise upon the pleadings," and are of law or of fact, the former raised by demurrer, and the latter by controverting the matter of fact previously alleged by the adverse party. It is declared that a *trial* is the judicial examination of the issues between the parties, whether they be issues of law or of fact. The reason why I am referring thus particularly to these provisions of the Code, will be presently seen.

There was no provision in section 349, permitting an appeal from an order " when it grants or refuses a new trial, or when it sustains or overrules a demurrer." Of course, in the latter·

case, the appeal was from the judgment, and the case was provided for in section 307, giving specific items of costs.

The provision above quoted was first inserted in section 349 by the amendments of 1851, and that part of section 307, relating to costs on appeal, was so amended as not to apply " to appeals from an order granting or denying a *non-enumerated* motion." I think this was the first appearance in the Code of the term *non-enumerated motion*. In this state of the law, *Ellsworth* agt. *Gooding* (8 *How.* 1) was decided by Justice HARRIS. He held that a motion for a new trial, on a case or bill of exceptions, was not a non-enumerated motion, and that section 315 had no application to such a case, and if no other provision could be found, which was applicable, no costs upon such a motion could be allowed. He then brought the case within the provisions allowing a specific fee for the trial of an issue, and he allowed the costs of a trial at the special term ; and upon the appeal from the order of the special term to the general term, he allowed the costs given upon an appeal from a judgment $15 and $30, holding that the appeal was under section 349.

*Van Schaick* agt. *Winne* (8 *How.* 5) was decided a few months after, by the same learned judge. The legislature, at its session in 1852, had again amended that part of section 307, relating to costs on appeal, so as to exclude the cases mentioned in section 349, thus getting rid of the unfortunate term, *non-enumerated* motion. As the law then stood, Justice HARRIS very properly held that the costs as upon appeal ($15 and $30), could not be given upon an appeal from an order of the special term overruling a demurrer. He held, however, that the costs upon appeal were the costs of a *trial* of an issue of law, instead of mere motion costs. He also laid down the rule that as often as the cause was examined by the court, whether upon a motion for a new trial upon a *case* or *exceptions*, or upon appeal from the order of a special term, granting or denying a new trial, or sustaining or overruling a demurrer, the prevailing party was entitled to the costs given upon a *trial*. Justice CRIPPEN, in *Nellis* agt. *De Forrest* (6 *How.* 413), had decided

that only ten dollars could be allowed upon appeal from an order overruling or sustaining a demurrer. Justice HARRIS noticed and overruled this decision. These decisions were made in 1852. In *Hagar and wife* agt. *Danforth* (8 *How.* 448), Justice PARKER held, that a *trial* fee was proper upon the motion at special term for a new trial upon a case, citing the cases *supra* (8 *How.* 1 *and* 5.)

In *Moore* agt. *Cockroft* (9 *How.* 479), it was held at general term, in the second district, that the argument of a motion for a new trial on a case, at special term, was neither an issue of law or fact, and that the only costs that could be allowed were $10, in the discretion of the court. No notice is taken in the opinion of the previous cases. In *Wilcox* agt. *Curtiss* (10 *How.* 91), it was held by Justice CRIPPEN, that the plaintiff succeeding, at general term, upon a verdict subject to the opinion of the court upon a case, was entitled to a trial fee $15, of an issue of law. He cites no authorities, but refers to several sec tions of the Code and the rules. He held that it was an *enu merated motion* under the rules.

In *The Mechanics' Banking Association* agt. *Kiersted* (10 *How.* 400), it was held, by Justice BOSWORTH, of the superior court of the city of New-York, that the fee as for the *trial* of an issue of fact, was proper upon a motion at special term, for a new trial on a case. He held that the proceeding was substantially a *trial*, as defined by the Code. He cites *Ellsworth* agt. *Good-ing, and Hagar* agt. *Danforth, supra,* but does not notice *Moore* agt. *Cockcroft, supra.* In *The Potsdam and Watertown Railroad Company* agt. *Jacobs* (10 *How.* 453), Justice HUB-BARD held, that on a motion for a new trial upon exceptions ordered to be first heard at general term, the prevailing party could only have motion costs, in the discretion of the court. He cited and commented upon, and disapproved *Ellsworth* agt. *Gooding.* He does not refer to any of the other cases.

I think I have noticed all the cases in this court touching the question under consideration, viz., what costs a prevailing party is entitled to, upon a motion for a new trial upon a case

at special term, and I submit that it would be difficult to say where the mere weight of authority is.

The decisions were made by able judges. *Moore* agt. *Cock-roft*, was a general term decision, and precisely in point. One of the cases decided by Justice HARRIS, arose upon demurrer, and the issue upon the appeal was the same as at special term, and undoubtedly an issue of law, as defined by the Code. Without stopping to balance the weight of these authorities, I will say that in this district, we have constantly held that only motion costs could be allowed. After a careful examination of the question, I am confirmed in the opinion that only motion costs can be allowed; that a motion for a new trial upon a case can in no sense be regarded as a *trial*, certainly not, as a trial is defined by the Code.

The decision of *Ellsworth* agt. *Gooding* may have been right as to the costs upon appeal, as the Code then was, as costs were given in all appeals, except from orders granting or denying a "non-enumerated motion." The judge was called upon to decide whether a motion for a new trial upon a case, was a non-enumerated motion, and it was very properly held that it was not, but going back to the old practice (and the use of the term in the Code rendered it necessary to resort to the old distinctions), it was correctly held, that such motion was an enumerated motion.

But the learned justice, in my opinion, erred in holding that any other than motion costs could be allowed for the proceedings in the special term. The use of the term *non-enumerated* motion, in the Code of 1851, had no effect upon the question of costs of the special term ; it only affected the question of costs upon appeal. At the next session of the legislature, the blunder in using the term "non-enumerated motion," was corrected, and all the cases mentioned in section 349, were excluded from the provision, in section 307, giving costs upon appeal. And after the amendment of 1852, it is agreed by all that no costs could be allowed on appeal or at the special term, other than motion costs, unless the proceeding could be regarded as a trial. I have examined the opinion of brother HARRIS, in *Van Schaick*

agt. *Winne*, with care, and I do not find that his mind, at the time, was directed at all to the definitions given by the Code of *issues* and a *trial*. Had it been, I am quite confident he would have discovered what I regard as error in his opinion. He refers to sections 349 and 315, and he supposes that these sections related to *non-enumerated* motions only; that is, prior to the amendment of 1851, giving an appeal from an order " which grants or refuses a new trial," &c. ; and when this amendment was made, inserting in section 349 a class of cases previously, or rather under the old practice, known as enumerated motions, the learned justice thought that they ought not to be subject to section 315, relating to motion costs, and unless they were, then no costs could be allowed, unless they were regarded as *trials*. The error consisted in keeping up a distinction in motions, and withdrawing one class of motions from the provisions of the Code, giving in the discretion of the court, costs upon motions.

The Code does not distinguish motions into enumerated and non-enumerated, but it gives a clear and comprehensive definition of an order and a motion, viz.: " Every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order." " An application for an order is a motion." (§§ 400, 401.) Can it be doubted that an application for a new trial, made upon a case or upon exceptions at a special term, is a motion ? And can it be doubted, when the court directs a new trial or denies it, and the direction of the court is entered in writing, that it is an *order ?* An application for a new trial upon a case or upon exceptions, has always been called and known as a motion, and the decision upon the motion has always been known as, and called an *order*. The Code gives us the definition of a judgment. It " is the final determination of the rights of the parties in the action." (§ 245.) The proceedings in, and the results of an application or motion for a new trial upon a case, come clearly within the definitions of a motion and an order. Again, is there not still greater difficulty in bringing such proceedings and results within the definition of a *trial*, as given in

the Code ?  ". A trial is the judicial examination of the issues of law or fact." (§ 252.)  What are issues ?  The Code informs us, " *issues arise upon the pleadings*, when a fact or conclusion of law is maintained by one party, and controverted by the other."

They are of law or of fact.  The Code informs us how these issues are to be tried.  An issue of law must be tried by the court, unless it be referred.  Certain issues of fact must be tried by a jury, unless a jury trial be waived; other issues of fact are triable by the court, which may, however, order them to be tried by a jury, or may under certain circumstances refer them to be tried by a referee.  Again, all issues of fact triable by a jury or by the court, must be tried before a single judge, at a circuit court, if by jury, otherwise at a circuit or special term.  Either party may give notice of trial.  The Code proceeds to give directions relating to the trial by jury, by the court, and by referees.  It has always seemed to me, on reading these provisions, that it is impossible to bring the proceedings always known as, and called, " an application, or motion for a new trial upon a case,". within them.  Such a proceeding was never designated, called or known in law as a *trial*, much less as a trial of an issue of fact, joined by the parties, through the instrumentality of *pleadings;* and I submit, with great deference, that to call such proceeding a trial of an issue of fact, is to confound language, and render our law definitions and terms useless, indeed worse than useless, instruments of confusion.

In my opinion, no more than $10 costs can be allowed upon a motion for a new trial, upon a case or exceptions at the special term.  Such a proceeding is, in no sense, a trial as defined by the Code.

To what costs. is the prevailing party entitled upon the appeal to the general term from the order of the special term, granting or refusing a new trial ?  Prior to the amendments to the Code of 1858, I should have said, as was constantly held in this district, that motion costs only could be allowed in the general term.  By the amendment, the 5th subdivision of section 307, after specifying the costs of appeal, before argument

$15, for argument $30, reads thus : " and the same costs shall be allowed to either party before argument, and for argument on application for judgment upon special verdict, or upon verdict subject to the opinion of the court, as for a new trial on a case made, and in cases where exceptions are ordered to be heard in the first instance at a general term, under the provisions of section 265." What is here meant? I may as well say frankly, I do not know; nevertheless, I am to say; and decide judicially, what the meaning is, unless I shall conclude that it is incapable of construction. I have been inclined to hold that the standard for the three cases specified, was the costs " for a new trial on a case made," and that the amendment had not, in the least, affected the question as to the amount of costs to be allowed upon an appeal from an order granting or denying a new trial upon a case. This construction would leave open the question, about which judges have so much differed, and of course leave the three cases mentioned in the amendment, in the same dilemma. I have learned from the secretary of state, that the statute is correctly printed. I have come to the conclusion that it was the intention of the legislature to take all the cases mentioned from the provisions relating to motion costs only. After much reflection and perplexity, and after consulting my brothers GREENE and DAVIS, and an able judge in another district, I have come to the conclusion that the legislature intended to provide the same costs as upon appeal from a judgment, before argument and for argument, in the four cases, viz. : upon an application for judgment upon a special verdict, upon a verdict subject to the opinion of the court, upon a motion for a new trial upon a case made, and in cases where exceptions are ordered to be heard in the first instance at a general term. I admit that this is taking more liberty with the language of the statute than I like to take, but I submit that if construed at all, this is the better construction. A reference to the amendment to this subdivision, made in 1857, may be of some service. That amendment consisted in adding the provision relating to costs in cases ordered to be heard in the first instance at a general

term, and giving the same costs in that case, as upon appeals generally, viz., $15 and $30.

In making the amendment in 1858, the language, "an ap plication for judgment upon special verdict, or upon verdict subject to the opinion of the court, as for a new trial on a case made;" was inserted, leaving the provision of 1857, relating to costs in cases where exceptions were ordered, &c., slightly amended, to stand as the last clause of the sentence. I do not suppose that the legislature intended to reduce the costs in the case provided for by the amendment of 1857, but I suppose the intention was to put the three new cases specified in the amendment of 1858, upon the same footing. It is true that the language "except appeals in the cases mentioned in sec- tion 349," was left to stand, without noticing the incongruity. The word "as," before "for a new trial, &c," creates the dif- ficulty. If this word were "and" or "or," the difficulty would cease. The language would then be, as it now is, very elliptical. Several readings have been suggested. One of them omits the words "as for a new trial," thus improving the language and providing for three cases only.

The better reading probably is, the same costs shall be al- lowed to either party before argument, and for argument, on application for judgment upon special verdict, or on applica- tion for judgment upon a verdict subject to the opinion of the court (upon a case to be made), as also an application for a new trial on a case made, and in cases where exceptions, &c. I shall not argue the question. I confess I am not satisfied with any construction that has occurred to me, or that has been suggested; and if any construction shall hereafter be given to the language so unfortunately used, more satisfactory, I shall give to it my cheerful assent.

The result to which I have come gives to the defendant— the prevailing party—upon the appeal, in the general term, before argument $15, for argument $30. The clerk will re- adjust the costs, accordingly.