By the Court, Monell, J.
I am constrained to adhere to the case in this court, (Moore v. Westervelt, 14 How. Pr. 279,) which holds that the costs must be adjusted according to the Code as it existed at the time of the verdict, as respects all items prior to that date. It is there said that the “ recovery ” which gives the right to costs, mentioned in the statute, means the. “ verdict,” and not the judgment. This decision was made at general term, in July, 1857, and no amendment of the Code affecting this question, has since been made, Crary v. Norwood, (5 Abb. 219,) decided about the same time, holds the same way. Whether these cases were well considered, and supported by authority, is not for us to inquire. Uniformity of decision upon questions of this nature, as well as respect for the opinions of eminent judges comprising a former general term of this court, require that we should regard the decision as binding upon us.
The right to costs being fixed by the verdict, (or, in this case, by the dismissal of the complaint, which in principle is the same thing,) the question is not affected by the stay of pro *631 ceedings. The right to costs had become complete before the stay, and they must be adjusted in accordance with the then ■existing law.
The 5th subdivision of section 307 of the Code as it stood in 1852, (then sub. 6,) gave to either party, on appeal, except to the Court of Appeals, a prescribed rate of compensation, but declared that its provisions should not apply to appeals from orders. At that time, under section 349, an appeal could be taken from an order granting or refusing a new trial, but no costs, except a motion fee, could be given. In 1857 the 307th section was amended by adding to the 5th subdivision, “ and the same costs shall be- allowed in cases ordered to be heard in the first instance at general term.” In 1858 the subdivision was further amended, so that the same read, “ and the same costs shall be allowed on -application for judgment upon special verdict, or upon verdict subject to the opinion of the court, as for a new trial on a case made, and in cases where exceptions are ordered to be heard in the first instance at a general term.” In 1862 the section was again amended by striking out the word “ as ” and inserting the word “ or,” so that it should read “or for a new trial on a case made.”
The amendment of 1858 was difficult of construction. The word “ as ” conveyed no idea of what was intended. Whether on application for judgment upon a verdict subject to the opinion of the court, the same costs were to be awarded as were given on a motion for a new trial on a case, or whether the word “ as ” was to be construed into, as by subsequent amendment it was changed into “ or,” it was difficult to determine. The latter liberty was taken by a judge at special term, in Jacket v. Judd, (18 How. Pr. 385, 393.)
My construction of the statute as it now stands is, that the legislature intended to give the same costs as given on an appeal from a judgment, in the four cases, viz : First, on application for judgment upon a special verdict; second, upon a verdict subject to the opinion of the court; third, upon an application for a new trial on a case made; and fourth, on exceptions ordered to be heard at a general term, without *632 reference to the place where the application is to he made. In two of the four cases, viz. application for judgment upon a special verdict, and for a new trial on a case, the. application must be made at special term, and cannot be made at general term. (Code, § 265.) The other two, viz. verdict subject to the opinion of the court, and exceptions, must go to the general term, and cannot be heard at special term. (Id.) When the first two cases are carried to the general term,' it can only be by appeal from the judgment upon the special verdict, or from the order granting or refusing a new trial.
Certainly the exception of cases mentioned in section 349 can have no application to motions for judgment upon a special verdict; and unless it was designed to give to that class of cases the-costs prescribed by section 307, although made at special term, then so much of the amendment was .utterly useless. The literal reading of the section is, that the parties shall have the same, costs as are allowed on appeal, on an application for a new trial on a case made. As such application must be made at special term, it follows that the costs-of an appeal are to be awarded at the special term. If the application for .a new trial on a case stood alone in the section, I might be inclined to yield to the opinion that it was simply intended to take those cases out of the exception of appeals from orders. But the section includes, and places in the same condition, applications for judgment upon special verdict, and it is quite clear that the costs on such motions are the same as on an appeal. If the judge, in Jackett v. Judd, (supra,) had not emphatically said that only motion costs were, allowable on a motion for a new trial at special term, I could adopt the .whole of his subsequent reasoning, as illustrating the view I, have taken of the question. But that learned judge did not notice thati motions-for judgment upon a special verdict,- or for-a new trial, on a case, can only be made at special term, and, ,therer fore, unless it was intended to give the costs tit -special: term, they cannot be given at all. While he admits that it was inr tended to give the same costs as on an appeal from a judgment in-the four cases mentioned, he confines the right to award the *633 costs to the general term; whereas in two of the cases, the motions cannot be made at general term at all. Neither view is free from difficulty. The section is inartificially drawn, ambiguous, and capable, perhaps, of either construction ; and, with other judges, I can frankly say, I am not entirely satisfied with either. There is as much reason for giving these costs at special term as to confine the right to those at general term, if the motion could be made there. The motion at special term involves the preparation of the case, and frequently as elaborate and solemn argument, as at general term, and it would seem to require similar compensation.
My conclusion is, that upon a motion for a new trial upon a case made at special term, the parties are entitled to the same costs as upon an appeal from a judgment.
The taxation appealed from must be readjusted upon the principles here stated.