## LAWRENCE *a.* SMITH.

*Supreme Court, Eighth District; Special Term, July,* 1864.

### COSTS.—ORDER DENYING NEW TRIAL.

Under an order denying a motion on a case made, for a new trial, " with costs," only costs of an order, that is ten dollars, are taxable.

Motion by defendants for readjustment of plaintiff's costs.

This action was brought by George H. Lawrence against Frederick Smith and others. It was tried at the circuit before a jury, and the plaintiff had a verdict. The defendants made a case with exceptions, and moved at special term for a new

trial, which motion was denied, "with costs." The entry of judgment had been stayed until the decision of this motion.

In adjusting his bill of costs, the plaintiff insisted that he was entitled to the following items, and, against the defendant's objection, the clerk of Erie county allowed them :

Costs before argument on appeal . . . . . . . $20 00
For argument on appeal . . . . . . . . . . 40 00

Defendants excepted to the clerk's ruling, and now made this motion by way of appeal, for a readjustment.

*L. L. Lewis*, for plaintiff, cited section 307, subd. 5 of the Code as amended in 1864, and contended that the costs of an appeal to general term being given by that subdivision "for a new trial, on a case made," if it meant any thing, it was intended to apply to motions at special term "for a new trial on a case made."

*Geo. W. Cothran*, for defendants.—I. As costs before argument, and for arguments "on appeal," the items objected to were improperly allowed; as there was no appeal, the entry of judgment having been stayed until after the decision of this motion for new trial at special term.

II. An application to the special term for a new trial on a cause, is "a motion." (*Code*, § 401 ; Jackett *a.* Judd, 18 *How. Pr.*, 385.) The relief granted is "an order." (*Code*, § 400.) Costs, in the discretion of the court, not exceeding $10, may be allowed on decision of "a motion." (*Ib.*, § 315.) On an appeal from an order made at special term, granting or refusing a new trial, only motion-costs can be allowed. (*Code*, §§ 349, 307, subd. 5, although Jackett *a.* Judd, *supra*, holds otherwise.)

III. It is contended that subdivision 5, of section 307 as amended in 1864, allows costs as adjudged. This is a mistake. That subdivision relates solely to appeals from judgments, and to the argument of motions ordered by the court, or required by the Code, to be heard at general term in the first instance. When a trial has been had before a jury, if a review of the facts is desired, it can only be had on a motion "for a new trial on a case made" at the special term. (*Code*, § 265.) After

the decision of this motion, an appeal lies to the general term from the order made at special term, and from the judgment entered in accordance therewith. It is argued at general term as " an appeal" from a judgment and an order, and is not a motion " for a new trial on a case made." Upon such appeals two very different bills of costs are allowed; the appeal from the order refusing a new trial carrying but motion-costs (in the discretion of the court), whereas the appeal from the judgment carries full costs absolutely, to the successful party. But when the trial has been by the court without a jury (section 268); or by referees (section 272), if a review of the findings and decisions of the court or referee is sought, the party seeking it must make a " case," &c., and make his motion " for a new trial on a case made" at the general term in the first instance. Although he is obliged to appeal from the judgment, yet his proceedings amount to nothing but a motion " for a new trial on a case made." This is submitted as the correct interpretation of subdivision 5, of section 307.

By THE COURT.—DANIELS, J.—Held that the plaintiff on the motion for a new trial at the special term was entitled to but $10 motion-costs, as the proceeding was a mere motion, and not embraced within subdivision 5, of section 307. The court referred to Jackett *a.* Judd (18 *How. Pr.*, 385), as being decisive of the question involved in this case; and held that the amendment of 1864, by the substitution of the word " *or*," in the place of " *as*," so that it should read " *or* for a new trial, on a case made," instead of " *as* for a new trial, on a case made," did not vary the rule as to the amount of costs to be allowed on a motion for a new trial at the special term.

The motion for a readjustment of costs granted, with $10 costs of motion, with directions that the clerk disallow the items of $20 and $40 for argument on appeal, and in lieu thereof, allow the plaintiff $10.