CASE No. 847.

KAPP & ROTHSCHILD v. LOYNS.

1. Costs are governed by the fee-bill of force at the time of the verdict, not at the time of the taxation.
2. Where plaintiff recovered verdict for $24, in October, 1874, in an action upon a contract for goods sold, defendant is entitled to the costs of the action.

Before WALLACE, J., Darlington, March, 1879.

Action commenced in January, 1874, by Kapp & Rothschild against A. W. Loyns to recover $201.37, the price of goods sold and delivered. Defence was failure of consideration. Verdict was rendered October, 1874, in favor of plaintiff for $24. Plaintiff demanded a taxation of costs in his favor, by the clerk of the court, which, being refused, he obtained a rule, March, 1879, against the clerk. The clerk made return that, in his opinion, the plaintiffs were not entitled to costs, but that the defendant was. The Circuit judge sustained the clerk and discharged the rule.

The plaintiffs excepted and appealed.

*Mr. R. K. Charles,* for appellant.

*Mr. G. W. Dargan,* contra.

March 24th, 1880. The opinion of the court was delivered by

WILLARD, C. J. This is an action for the recovery of money upon an account for goods and merchandise sold and delivered, commenced January, 1874. A verdict was rendered at October Term, 1874, for $24. A question arose as to the right of the plaintiff to costs that was not disposed of until 1879. In the meantime an amendment of the code was passed that materially affected the rule of costs in a case of this character. The first question to be considered is, whether the right of the parties to costs is to be tested by the law as it stood at the time the verdict was obtained, or at the time when the costs were actually taxed.

Costs under the code are in the nature of damages. The code (Section 329) after repealing the statutes allowing attorneys costs, declares that " there may be allowed to the prevailing party upon the judgment certain sums by way of indemnity for his expenses in the action, which allowances are in this act termed costs." This section professes to define the nature of costs, as that term is employed in the code, and the language employed for that purpose imports the idea of damages. Such being the case, the rule of the statute prevailing at the time of the recovery of the verdict, would be the proper measure of such damages as are ascertained by the court as matter of law, and included in the judgment. This rule appears to prevail in New York. *Moore* v. *Westervelt,* 14 *How. Pr.* 279 ; *Scudder* v. *Gori,* 28 *How. Pr.* 155. The point was noticed, but not decided in *Stegall* v. *Bolt,* 12 *S. C.* 522.

It would follow that the plaintiff was not entitled to costs in this action, it being an action for money, unless he recovered $50. The amendment reducing this amount to $20 (16 *Stat.* 409) not having been passed until after the verdict recovered, cannot affect the right of the parties as it regards the present question.

As was held in Stegall *v.* Bolt, the amount claimed is the test whether the action is one " of which a court of trial justice has no jurisdiction," in the sense of sub-division 3, Section 330, where the action is of such a nature that it may be brought in the trial justice's court, where the damages, a sum claimed, is less than $100. This conclusion is a necessary consequence of the language used in confirming jurisdiction in the trial justices, which, in the

T

instance of actions on contract and for injuries to the person or to real or personal property, makes the *claim* of damages the test of the jurisdiction. It must, therefore, be concluded that the present is a case of which the trial justice has no cognizance.

The effect of sub-division 4, Section 330, as it regards actions for the recovery of money, is that the plaintiff can gain no advantage in such action by placing the claim at an amount exceeding the jurisdiction of a trial justice, for in such cases he cannot get costs unless he recovers at least $50, as the act stood until the amendment, and $20 now.

Section 331 gives the defendant costs as of course, " in the actions mentioned in the last section, unless the plaintiff is entitled to costs thereon." As we have seen, this action is one mentioned in Section 330, and the plaintiff is not entitled to costs in this action, hence the defendant is entitled to have his costs under Section 331.

The order and judgment appealed from must be affirmed and the appeal dismissed.

McIVER and McGOWAN, A. J.'s, concurred.